## Clara B. Deatrick, Administratrix, Plaintiff in Error, v. Lake Erie & Western Railroad Company, Defendant in Error.

1. PASSENGER AND CARRIER—*when relation established.* The mere fact that a person has a ticket and intends to take a train does not create the relation of carrier and passenger since it is further necessary that he be at some place under the control of the carrier and provided for passengers. So long as a person merely intends to be carried but has not reached any place provided for passengers or used for their accommodation, he is not a passenger.

2. CONTRIBUTORY NEGLIGENCE—*when person crossing railroad tracks guilty of.* To attempt to cross immediately in front of an approaching engine which the slightest diligence will reveal, is contributory negligence which will bar a recovery for a resulting injury.

3. CONTRIBUTORY NEGLIGENCE—*failure to look and listen.* Failure to look and listen for an approaching train is contributory negligence where to have done so would have prevented the accident and where no conditions justified such failure and nothing caused an obstruction to the view.

Action in case for death caused by alleged wrongful act.   Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 9, 1911. Rehearing denied November 8, 1911.

L. J. OWEN and LIVINGSTON & BACH, for plaintiff in error.

JOHN E. POLLOCK, for defendant in error.

MR. JUSTICE FROST delivered the opinion of the court.

Plaintiff in error, as administratrix, brought suit in the McLean County Circuit Court to recover damages for the death of her husband, he having been struck and killed by a freight engine of defendant near the station platform of the joint depot of the defendant in error and the Big Four Railway Co. at Bloomington, December 15, 1910. At the close of plaintiff's evidence, the Circuit Court directed a verdict for defendant, and from the judgment entered on such directed verdict against plaintiff in error, she has taken this appeal. It is claimed that at the time of his death, plaintiff's intestate was returning to his home near Leroy, Illinois, a station on the Big Four railroad; that he had a return trip ticket in his pocket on said road, and that he intended to take the Big Four train due at the depot at 6:35 p. m. on said day. The depot, which is about 150 feet long, is situated about 115 feet east of the east line of Main street in the city of Bloomington, which street runs north and south. The tracks of the defendant in error and the Big Four run practically parallel south of the depot, about 18 feet apart. The level of the platform of the depot and the track of the defendant is about the same, the rails being from a quarter to half an inch lower than the platform. Just north of the depot grounds and east of Main street is the Relay saloon. About 6:35 p. m. plaintiff's intestate was seen standing by a telegraph pole at the corner near that saloon. He probably heard the train coming and started immediately toward the depot. The proof shows that he was hurrying to get to the platform of the Big Four Railroad and did not pay any attention to the approach of defendant's engine coming from the west. About five feet west of the water plug situated on the Big Four side of the concrete walk between the

Lake Erie and the Big Four tracks, he was struck by a Lake Erie engine and pushed some distance along the track.

Plaintiff in error claims that deceased was a passenger on the Big Four Railroad and that under the arrangement between the two companies for the joint use of the depot, defendant owed the same duty as the Big Four. The mere fact that a person has a ticket and intends to take a train does not create the relation of carrier and passenger since it is further necessary that he be at some place under the control of the carrier and provided for passengers. So long as a person merely intends to be carried but has not reached any place provided for passengers or used for their accommodation, he is not a passenger. C. & E. I. R. R. Co. v. Jennings, Admr., 190 Ill. 478.

Deatrick did not attempt to cross defendant's track at the usual place for passengers to cross in taking the Big Four train, but attempted to cross the track near the water plug, a distance of from fifty to sixty feet west of the depot building, and we do not think he was proceeding properly to become a passenger on the Big Four road.

Defendant insists that the accident was due to the failure of plaintiff to exercise the slightest degree of care at the time in question. While it may be true that defendant was negligent in running its engine without a lookout or ringing a bell or sounding a whistle or otherwise giving any warning of its approach to the depot as testified to by some witnesses, such negligence did not relieve plaintiff's intestate from exercising ordinary care in attempting to cross defendant's track. To attempt to cross immediately in front of an approaching engine which the slightest diligence would have revealed to him must, we think, be considered by all reasonable minds an act of negligence. There was no obstruction to the view and no circumstances justi-

fying a failure to look and listen. The engine was coming in slowly and the headlight was burning brightly. The testimony shows that there were several lights under the eaves of the depot building giving sufficient light to see for a considerable distance from the depot. Several witnesses testified that if Deatrick had looked he could have seen the engine coming. A glance to the west as he arrived at defendant's track would have revealed the presence of the engine and enabled him to have avoided danger in crossing the track at that point. Failure to look and listen for an approaching train is contributory negligence where to have done so would have prevented the accident, and where no conditions justified such failure and nothing caused an obstruction to the view. C. R. I. & P. Ry. Co. v. Jones, 135 Ill. App. 380; C. & A. R. R. Co. v. Blake, 125 Ill. App. 336.

We are of opinion that Deatrick did not become a passenger on the Big Four road and that defendant owed him no duty as such, and further Deatrick's death was caused by reason of his failure to exercise ordinary care in crossing in front of defendant's engine.

The action of the Circuit Court in directing a verdict was correct and the judgment will be affirmed.

*Affirmed.*